```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GORDON MAYS, JR.,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:16CV138**
　　　　　　　　　　　　　　　　**CRIMINAL ACTION NO. 1:11CR96**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8][1]

On June 27, 2016, the pro se petitioner, Gordon Mays, Jr. ("Mays") filed a petition pursuant to 28 U.S.C. § 2255, relying on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court of the United States held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague (dkt. no. 1). The Court referred the petition to United States Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

On July 8, 2016, Magistrate Judge Seibert issued his R&R, in which he concluded that the petition should be denied and dismissed with prejudice because Mays was not sentenced as a career offender or as an Armed Career Criminal and his argument relying on Johnson therefore was without merit (dkt. no. 8).

---

[1] This order is amended only for the purpose of adding the certificate of appealability.

The R&R also warned Mays that his failure to object to the recommendation within 14 days would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 6. Mays did not file a timely objection. On September 15, 2016, however, Mays filed a motion requesting an extension to file an objection to the R&R (dkt. no. 11), which the Court granted on September 23, 2016, establishing a new deadline of October 25, 2016 (dkt. no. 12). To date, Mays has not filed any objections to the R&R.[2]

On February 6, 2017, over three months beyond the deadline to file any objections, Mays filed a motion to stay the proceedings pending resolution of Beckles v. United States (dkt. no. 14), which was decided shortly thereafter on March 6, 2017. 137 S.Ct. 886 (2017). Presciently, Magistrate Judge Seibert's R&R had already informed Mays that, because he was not sentenced as a career offender, any pending decision in Beckles, which related solely to the constitutionality of the career offender guideline, would be without merit (dkt. no. 8).

Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 8), **DENIES** the motion to stay (dkt. no. 14), **DENIES** and **DISMISSES WITH PREJUDICE** Mays's petition (dkt. no.

---

[2]The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**MAYS V. UNITED STATES OF AMERICA**                                **1:16CV138**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]**

1), and **ORDERS** that this case be stricken from the Court's active docket.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a). The Court finds it inappropriate to issue a certificate of appealability in this matter because Mays has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Mays has failed to make the requisite showing, and **DENIES** a certificate of appealability.

It is so **ORDERED.**

**MAYS V. UNITED STATES OF AMERICA**                  **1:16CV138**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: July 28, 2017.

                                             /s/ Irene M. Keeley
                                             IRENE M. KEELEY
                                             UNITED STATES DISTRICT JUDGE